UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARY S.,

              Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

              Defendant.

Case No. C20-5699-MLP

ORDER

## I.      INTRODUCTION

Plaintiff seeks review of the denial of her application for Supplemental Security Income. Plaintiff contends the administrative law judge ("ALJ") erred by finding no medically determinable mental impairment, failing to address a lay witness statement, and improperly basing the decision on activities of daily living. (Dkt. # 17.) As discussed below, the Court REVERSES the Commissioner's final decision and REMANDS the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## II.      BACKGROUND

Plaintiff was born in 1971, has a high school education, and has worked as a cashier checker. AR at 23-24. Plaintiff was last gainfully employed in 2009. *Id.* at 37.

Plaintiff applied for benefits in January 2018. AR at 15. She alleges disability as of November 9, 2017. *Id*. After the ALJ conducted a hearing on July 1, 2019, the ALJ issued a decision on July 29, 2019, finding Plaintiff not disabled. *Id.* at 15-25, 31-60. The ALJ found Plaintiff had the severe impairments of degenerative disc disease, diabetes, hypothyroidism, status post stroke, heart disease, and mixed hearing loss in right ear. *Id.* at 18. The ALJ found Plaintiff had the residual functional capacity ("RFC") to perform light work, standing and/or walking six hours per day and sitting six hours per day, with moderate noise levels. *Id.* at 19-20.

As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. AR at 1-3. Plaintiff appealed the final decision of the Commissioner to this Court. (Dkt. # 4.)

### III.    LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d

1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may

neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v.*

*Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one

rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## IV.     DISCUSSION

### A.     The ALJ Erred in Assessing Plaintiff's Mental Health Impairments

The ALJ found Plaintiff had "no medically determinable mental-health impairment"

because the record showed "no mental-health diagnosis by an acceptable medical source." AR at

18. However, Plaintiff contends that, because the record shows licensed mental health providers

diagnosed "[m]ajor depressive disorder, recurrent episode, moderate," and corresponding

symptoms such as tearfulness, the ALJ had a duty to develop the record by ordering a

consultative mental health examination. *Id.* at 459, 480.

The Commissioner contends there was no need for the ALJ to order a consultative

examination, because he found the evidence of a mental health impairment did not meet the

durational requirement. Social Security disability can only be based on inability to work due to

impairments that have "lasted or can be expected to last for a continuous period of not less than

12 months" or result in death. 20 C.F.R. § 416.905(a). Plaintiff began treatment in April 2019,

and the available records show treatment through June 2019. AR at 459-85. The Commissioner

notes that the treatment plan had a "Start" date in April 2019 and set a "Target" date for October

2019. *Id.* at 459. However, the target was not a complete cessation of symptoms, but goals such

as to "learn and practice 2-3 skills to assist her with managing her depression" or to "attend and

participate in regularly scheduled counseling…." *Id.* at 460. This does not indicate Plaintiff's

depression was only expected to last six months. The Commissioner cites the Diagnostic and

Statistical Manual of Mental Disorders for typical duration of depression in most individuals, but that is not evidence regarding *Plaintiff's* depression. (Dkt. # 26 at 7.) Moreover, nothing in the record suggests Plaintiff's depression began on the date she entered treatment. *See, e.g.*, AR at 474 ("I have been depressed since I was 16."). The ALJ's finding that Plaintiff's mental impairments did not meet the durational requirement was not supported by substantial evidence.

The Commissioner argues the ALJ was not required to order a mental consultative examination because a claimant bears the burden of proving disability, and Plaintiff made no request for such an examination. (Dkt. # 26 at 5.)

"'In Social Security cases the ALJ has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered.' This duty exists even when the claimant is represented by counsel." *Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996) (quoting *Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir. 1983)). "An ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001).

Social Security regulations require evidence from an acceptable medical source, such as a physician or psychologist, to establish a medically determinable impairment. 20 C.F.R. §§ 416.921, 416.902(a). Here, there is no dispute that the diagnosis of major depressive disorder was made by appropriate state-licensed mental health professionals. *See* AR at 483-85 (diagnosis by Celeste Cole M.S.W.), 459-62 (diagnosis noted by Autumn Lee, B.A., "as evidenced by Depressed mood/affect (sad, empty, tearful), Lack of energy, fatigue, Loss of interest or pleasure…"). Although they were not acceptable medical sources under Social Security regulations, nothing in the record suggests their diagnosis of depression was inaccurate or

invalid. No acceptable medical source suggested depression was not a valid diagnosis. In fact, Beverly Shapiro, M.D., a consultative physical examiner whose opinion the ALJ found "persuasive," observed Plaintiff was "tearful during exam" and recommended a psychiatric consultation. AR at 22, 300.

The uncontradicted diagnosis of major depressive disorder, along with the absence of an assessment by a medical source who could provide evidence acceptable under Social Security regulations, created precisely the type of ambiguity or record inadequacy that triggers an ALJ's duty to develop the record. The Court concludes the ALJ erred by failing to further develop the record regarding Plaintiff's mental health impairments.

### B.    The ALJ Did Not Harmfully Err in Assessing Activities of Daily Living

The ALJ could only discount Plaintiff's testimony as to symptom severity by providing "specific, clear, and convincing" reasons supported by substantial evidence. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). The ALJ provided several reasons to discount Plaintiff's testimony. AR at 22. Plaintiff assigns error to only one reason: inconsistency with her activities. (Dkt. # 17 at 8-9.) Even if erroneous, any error is harmless because the unchallenged reasons were clear and convincing. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1163 (9th Cir. 2008) (inclusion of erroneous reasons to discount claimant's testimony was harmless because "remaining valid reasons supporting the ALJ's determination are not 'relatively minor'").

The ALJ's unchallenged reasons were Plaintiff's inconsistent statements, mild objective medical findings, failure to seek treatment, and failure to follow treatment recommendations. AR at 20-22. These are all valid reasons under Ninth Circuit case law. *See Orn v. Astrue*, 495 F.3d 625, 636 (9th Cir. 2007) ("Factors that an ALJ may consider in weighing a claimant's credibility

include … inconsistencies in testimony … and 'unexplained, or inadequately explained, failure to seek treatment or follow a prescribed course of treatment.'") (quoting *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)); *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) ("Although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in his credibility analysis."). On reply, Plaintiff challenges lack of medical treatment as a reason. (Dkt. # 29 at 7.) The Court will not address arguments raised for the first time on reply. *See Indep. Towers of Wash. v. Wash.*, 350 F.3d 925, 929-30 (9th Cir. 2003) (court "will not consider any claims that were not actually argued in appellant's opening brief"). Moreover, Plaintiff fails to challenge the ALJ's remaining reasons of inconsistent statements and lack of supporting medical evidence, which would still suffice.

The Court concludes the ALJ did not harmfully err in assessing Plaintiff's activities of daily living.

### C.     The ALJ Did Not Harmfully Err by Not Addressing Lay Witness Statement

The Commissioner concedes the ALJ erred by failing to address Plaintiff's friend's lay witness statement, but contends the error was harmless. "Where lay witness testimony does not describe any limitations not already described by the claimant, and the ALJ's well-supported reasons for rejecting the claimant's testimony apply equally well to the lay witness testimony, … the ALJ's failure to discuss the lay witness testimony [is not] prejudicial per se." *Molina*, 674 F.3d at 1117; *see also Valentine v. Comm'r of Soc. Sec.*, 574 F.3d 685, 694 (9th Cir. 2009) (if an ALJ gave clear and convincing reasons for rejecting the claimant's testimony, those reasons are germane to similar testimony by a lay witness).

Plaintiff's friend described walking, standing, sitting, and lifting limitations similar to Plaintiff's testimony. AR at 291. Plaintiff offers no argument why the ALJ's reasons for

discounting her testimony do not apply equally well to her friend's statement. The Court concludes the ALJ's reasons of inconsistent statements, lack of supporting medical evidence, and failure to follow treatment recommendations suffice to discount the lay witness statement.

## V.    CONCLUSION

For the foregoing reasons, the Commissioner's final decision is REVERSED, and this case is REMANDED for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ should further develop the record regarding Plaintiff's mental health impairments.

Dated this 28th day of May, 2021.

MICHELLE L. PETERSON
United States Magistrate Judge